**Lawrence OTT, Appellant
(Employee-Claimant),**

v.

**RISSLER & McMURRY CO., Appellee
(Employer-Defendant).**

No. 86–152.

Supreme Court of Wyoming.

Oct. 23, 1986.

David A. Drell, Casper, for appellant.

Susan Maher Overeem, Casper, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order of the district court denying worker's compensation benefits to Lawrence Ott, appellant. The district court found that appellant failed to meet his burden of proving "a causal connection between the injury and the claims."

We affirm.

During May and June of 1985, appellant was employed as a truck driver by Rissler & McMurry Company, appellee. On June 4, 1985, the truck and trailer unit which appellant was operating in the course of his employment was struck by a train. Upon impact, the truck was propelled forward by the train, and appellant was thrown around inside the cab of the truck. When the train stopped, he climbed out of the cab, lay down on the ground, and lost consciousness. He was taken to Memorial Hospital of Natrona County where he was examined by doctors and released. Upon his release, he filled out a worker's report of accident in which he described his injury as: "Left leg skinned up—Driving truck and was hit by train."

The day after the accident, appellant went back to work. He testified that although he was in extreme pain, he returned to work the following day as well. On June 7, 1985, appellant quit his job with Rissler & McMurry Company to return to his home in Michigan. That same day he also filed a second worker's report of accident, this time describing his injury as: "Bad knee, some back pain in upper back and lower back, some bruises."

More than six weeks after the accident, appellant sought medical care. He went first to Dr. Robert Benson, a chiropractor, who referred him to Dr. Robert Gruesen, a neurosurgeon. Dr. Gruesen diagnosed appellant's condition as being "back and neck sprain with soft tissue injury." On the basis of what appellant told them, both Dr. Benson and Dr. Gruesen concluded that his condition was caused by the accident.

On August 7, 1985, appellant submitted a claim for initial temporary total disability to the worker's compensation division. Appellee filed an objection to the claim, and the case was set for hearing. The parties stipulated to the admission of the medical reports of Dr. Benson and Dr. Gruesen. However, the stipulation was conditioned

upon the acknowledgement by both parties that, in reaching their findings, the doctors relied solely on the description of the accident given to them by appellant.

In denying appellant's claim, the district court found that appellant was injured in the course of his employment, that he completed a claim for the injuries he received in that accident, and that he was treated for those injuries and released. The district court also found that appellant returned to work the day following the accident but quit his job shortly thereafter and filed a second claim for different injuries. Finally, the court found that, despite the second claim, appellant did not seek medical treatment for the new injuries for more than six weeks. Given these facts, the court concluded that appellant failed to carry his burden of proof. Appellant now contends that the district court's holding is not supported by substantial evidence.

"In a worker's compensation case, the burden of proof is on the claimant to prove the essential elements of his claim by a preponderance of the evidence. * *

\* \* \* \* \* \*

"In determining whether an unsuccessful claimant has met his burden of proof on an essential element, we must assume on review that the evidence favoring the employer is true and leave out of consideration entirely the evidence presented by the claimant which conflicts with the employer's evidence. * * * [W]e can reverse the trial court only if its findings are 'clearly erroneous or manifestly wrong and totally against the evidence.'" *Potter v. RMT Properties, Inc.*, Wyo., 715 P.2d 214, 216–17 (1986).

In the present case, the essential element of appellant's claim is the causal connection between the accident and appellant's back injury. Having reviewed the record, we find sufficient evidence to support the district court's holding. As in *Potter v. RMT Properties, Inc.*, we reach this conclusion even though the only medical evidence on causation favored the claimant.

The medical evidence presented to the district court consisted of the doctors' re-

ports and findings which, as indicated previously, were based entirely upon the description of the accident given by appellant. Neither of the doctors learned of the accident until over six weeks after it occurred. Their examinations revealed only that appellant was suffering from a back injury.

In addition to the medical reports, the district court had before it evidence that on the day of the accident appellant was treated for a leg injury and released. The evidence also showed that, after leaving the hospital, appellant returned to the scene of the accident to take pictures, and the next day he went back to work. In addition, evidence was presented that appellant quit his job two days after the accident, because he "wanted to take a break from driving," and after quitting he filed his second claim. Finally, the evidence demonstrated that appellant drove himself back to Michigan and did not see a doctor for more than six weeks after filing the second claim.

Where evidence justifies either of two reasonable inferences, the trier of fact is allowed to determine which, if either, of the two inferences is more reasonable or probable. *Bocek v. City of Sheridan*, Wyo., 432 P.2d 893 (1967). "The trial court is in a far better position to judge the demeanor, truth and veracity of a witness; therefore, we give considerable deference to the court's findings regarding such witness." *Smith v. State*, Wyo., 714 P.2d 1201, 1204 (1986).

The district court heard the testimony of the witnesses, considered the evidence, and found that appellant failed to meet his burden of proving a causal connection between the accident and his back injury. We cannot say that finding was clearly erroneous or manifestly wrong. On the basis of the evidence set forth above, the district court could reasonably have found against appellant.

Affirmed.