**In the Matter of the Injury to: Terry WOODMAN, Appellant (Claimant),**

v.

**GRACE BOMAC DRILLING, Appellee (Employer-Objector).**

**No. 86–318.**

Supreme Court of Wyoming.

May 5, 1987.

Paul G. Jarvis, Buffalo, for appellant.

Steven R. Helling of Murane & Bostwick, Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order denying the application of appellant Terry Woodman to reopen his worker's compensation case and for modification of the original award seeking additional benefits received for an injury he sustained while employed by appellee Grace Bomac Drilling.

Appellant presents the following issues on appeal:

"I. ONCE THE INJURED CLAIMANT IN A WORKMAN'S COMPENSATION CASE ESTABLISHES AN ENTITLEMENT TO BENEFITS BY A PREPONDERANCE OF THE EVIDENCE, DOES THE BURDEN OF GOING FORWARD WITH THE EVIDENCE THEN SHIFT TO THE EMPLOYER TO SHOW THAT THE EMPLOYEE IS NOT ENTITLED TO BENEFITS?

"II. DID THE APPELLANT SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT HE WAS ENTITLED TO BENEFITS?

"III. DID THE APPELLEE FAIL TO CARRY ITS BURDEN OF PROOF AND PROVE BY SUBSTANTIAL AND COMPETENT EVIDENCE THAT THE APPELLANT WAS NOT ENTITLED TO BENEFITS?

"IV. DID THE DISTRICT COURT COMMIT PREJUDICIAL ERROR IN ALLOWING THE USE OF THE DEFENDANT'S UNSWORN TAPE RECORDED DEPOSITION?"

We affirm.

On December 26, 1983, while working for Grace Bomac Drilling in the "cellar" of an oil rig in Johnson County, appellant fell approximately eight feet onto frozen ground and pipes, landing on his back. He was awarded temporary total disability benefits for the periods of December 27, 1983, through February 25, 1984, and March 8, 1984, through May 31, 1984, for an injury diagnosed, using common X-rays, as a muscular back pain secondary to trauma.

On September 30, 1986, appellant filed an application for an additional award for temporary total disability for the period January 8, 1986, to the present date, or until such time as he was released to work, or until such time as he received an award for permanent partial disability. In his application, appellant claimed that he had recurring back problems resulting from the original injury.

At trial, the court heard testimony and received evidence from several witnesses, including the deposition of a neurosurgeon, Dr. James H. Johnson, Jr., in lieu of direct testimony. The deposition of Dr. Johnson showed he had examined appellant and formed the impression that appellant was suffering from low back and leg pain which was bilateral and symmetrical. At the time of the examination, Dr. Johnson used magnetic resonance imaging (commonly known as an MRI) to diagnose appellant's problem. Dr. Johnson found that appellant had an early disk desiccation at L–5 and S–1 with low grade central bulge. He explained that the disk between appellant's fifth lumbar and first sacral vertebrae was drying out and bulging centrally, rather than laterally, where the nerve roots are located. On the basis of appellant's age and history, it was Dr. Johnson's opinion that damage to the disk was a result of the trauma received by appellant at the time of his original injury in 1983.

Other evidence presented at trial revealed that, between the years of 1983 and 1986, a number of other accidents befell appellant. While driving a motorcycle to work, appellant hit a deer and received serious head injuries and a broken collar bone. He suffered a loss of memory and a basic dullness as a consequence of those injuries but did not receive any spinal fractures or complain of any pain or problems with his spine.

After recovering from his motorcycle accident, appellant was again working as a derrick hand and was "tagged" in the back with some tongs used at a drilling site. In addition, during a confrontation with his girl friend, appellant was hit by a car and rolled across the hood. He received no medical treatment after these incidents.

At trial, the court found that appellant did not bear his burden of proof, and thus the application to reopen the case and modify benefits was denied.

 Appellant applied for modification of his worker's compensation benefits pursuant to § 27–12–606, W.S.1977. We have interpreted the language of this statute to mean that

"a timely application for benefits may be made by an injured workman subject only to the requirement of showing an increase or decrease in incapacity due solely to the injury, or mistake, or fraud." *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649, 652 (1983).

The claimant's burden of proof, when applying to reopen the case and modify benefits received under that section, is the same burden as exists in the original claim. *Loveday v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, Wyo., 711 P.2d 396 (1985); *Hunteman v. Ward Transport, Inc.*, Wyo., 706 P.2d 1126 (1985). The workman must prove by a preponderance of the evidence that there has occurred an increase in incapacity due solely to the injury, or mistake or fraud in connection with the initial award.

In *Abas v. State ex rel. Wyoming Worker's Compensation Division*, Wyo., 701 P.2d 1153, 1156 (1985), we held that

"worker's compensation statutes are to be liberally construed to effectuate their beneficent purpose. The purpose of such construction is to require the industry to bear the burden of industrial accidents, not the injured worker. But we cannot ignore clear statutory language and apply worker's compensation statutes to situations that do not reasonably fall within the intended ambit of such laws." (Citations omitted.)

Thus, the rule of liberal construction does not relieve a claimant of the burden of proving the essential elements of his claim by a preponderance of the evidence. *Ott v. Rissler & McMurry Co.*, Wyo., 726 P.2d 1079 (1986).

On appeal, this Court must

" 'assume on review that the evidence favoring the employer is true and leave out of consideration entirely the evidence presented by the claimant which conflicts with the employer's evidence. * * * [W]e can reverse the trial court only if its findings are "clearly erroneous or manifestly wrong and totally against the evidence." ' " Id. at 1080, quoting *Potter v. RMT Properties, Inc.*, Wyo., 715 P.2d 214, 216–17 (1986).

In *Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division v. Schwilke*, Wyo., 649 P.2d 218, 222 (1982), we acknowledged the rule which permits

"the medical expert to establish causation with a somewhat lesser degree of certainty than may be required in other cases. This rule is consistent with the oft-repeated statement that we will liberally construe the worker's compensation statutes in favor of the injured worker."

However, this Court has also found that, as long as there is sufficient evidence to support the trial court's holding, we will not reverse even though the only medical evidence on causation favors the claimant. *Ott v. Rissler & McMurry Co.*, 726 P.2d at 1080.

Although, in the case at bar, the doctor indicated that the injury was *more probably than not caused by the original injury,* appellant testified to various other accidents which were of equal or less magnitude and could have caused his ultimate problems. The doctor testified that it was "possible" that these intervening causes could have caused the ultimate injury, but, because of the history related to him by appellant, it was his opinion that the original injury *more probably than not* resulted in this final medical problem.

In *Hunteman v. Ward Transport, Inc.,* 706 P.2d 1126, we were faced with facts similar to those now before us. Because the evidence in that case indicated that the claimant's increased incapacity could have resulted from activities unrelated to his employment, we upheld the district court's finding that the claimant failed to meet his burden of showing an increase of incapacity due solely to the injury. Further, we held that the district court properly found that the claimant failed to establish that, by relying upon the diagnosis of the first doctor, the district court made a mistake in the original award of temporary total disability benefits. The same is true in this case. Appellant has not supported his claims by a preponderance of the evidence.

> "Where evidence justifies either of two reasonable inferences, the trier of fact is allowed to determine which, if either, of the two inferences is more reasonable or probable. 'The trial court is in a far better position to judge the demeanor, truth and veracity of a witness; therefore, we give considerable deference to the court's findings regarding such witness.'
>
> "The district court heard the testimony of the witnesses, considered the evidence, and found that appellant failed to meet his burden of proving a causal connection between the accident and his back injury. We cannot say that finding was clearly erroneous or manifestly wrong. On the basis of the evidence set forth above, the district court could reasonably have found against appellant."

*Ott v. Rissler & McMurry Co.,* 762 P.2d at 1080 (citations omitted).

See also *Big Horn Coal Company v. Taylor,* Wyo., 718 P.2d 63 (1986).

Appellant's contention that it was prejudicial error to use his unsworn deposition for impeachment purposes is without merit. On cross-examination, appellant answered "[n]o" to the question as to whether he had slipped and fallen on ice on one or two occasions in 1984 or 1985. The tape recorded testimony of appellant then was played over the objection of appellant's attorney. Appellant stated during his recorded testimony that he had fallen on the ice "a time or two." After the recorded tape was played, appellant was asked whether he would agree that he had fallen on the ice after working with Grace Bomac Drilling, and appellant answered: "No, because I didn't even say I did, did I?"

Appellant asserts that it was error to use the tape because he did not testify under oath and because he did not have an opportunity to review the tape before it was introduced into evidence. Appellant also asserts that it was error not to have the tape transcribed and the transcript signed by him, certified by a court reporter or notary public, and introduced into evidence in lieu of the audio recording of the tape.

We agree with appellant that the deposition did not conform to the general requirements of Rule 30, W.R.C.P., and that the statements made by appellant were prejudicial. However, it was not error for the court to admit the audio recording of the tape into evidence. This is clearly permissible under Rule 613, W.R.E., which provides:

> "(a) *Examining witness concerning prior statement.*—In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel.
>
> "(b) *Extrinsic evidence of prior inconsistent statement of witness.*—Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportuni-

ty to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(d)(2)."

Appellant certainly had the opportunity to explain or deny his prior inconsistent statement. His attorney conducted a redirect examination in which he could have questioned appellant about the inconsistent statement, but he failed to do so.

There was substantial evidence to support the denial of appellant's claim, and the court did not err by admitting the audio recording of the taped statements of appellant which were excerpted from his unsworn deposition. We, therefore, affirm the order of the district court denying appellant's application to reopen his worker's compensation case and for modification of the original award seeking additional benefits under the Wyoming Worker's Compensation Act.

Affirmed.