Reed B. HOHNHOLT, Petitioner
(Employee–Appellant),

v.

BASIN ELECTRIC POWER CO–OP,
Respondent (Employer–Appellee).

No. 89–154.

Supreme Court of Wyoming.

Dec. 21, 1989.

Bernard Q. Phelan, Cheyenne, for petitioner (employee-appellant).

Stephen N. Sherard, Wheatland, for respondent (employer-appellee).

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

The sole question we must decide here is whether the hearing examiner's finding that a worker's compensation claimant's need for psychiatric treatment did not arise from an injury sustained in the course of employment is supported by substantial evidence.

Petitioner Reed Hohnholt frames the issue as:

"Were medical expenses for psychiatric care properly denied where the evidence showed that such care was precipitated by an injury in the course of employment?"

Respondent Basin Electric Power Co-op frames the issue as:

"Based on the evidence produced by employer and employee, was the denial of the employee's claims for psychiatric care expenses arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence?"

We affirm.

## FACTS

Reed Hohnholt suffered a shoulder injury at Basin Electric's Grayrocks Power Plant on March 12, 1987. Initially the injury was treated as a strained shoulder. Thereafter, Hohnholt underwent surgery for the problem twice, first in January of 1988 and again during May 1988. During the course of treatment, Hohnholt's orthopedic surgeon became concerned about Hohnholt's mental state and referred him to a psychiatrist.

On August 8, 1988, Basin Electric terminated Hohnholt's employment after denying his request for a leave of absence. On September 6, 1988, suffering from depression, Hohnholt entered Crest View Hospital in Casper for psychiatric treatment. He stayed there until October 21, 1988.

Hohnholt had a history of mental difficulties before 1988. He underwent treatment at the DePaul Hospital Chemical Dependency Center in Cheyenne and Crest View in 1985. He was raised in an abusive environment, served in Vietnam, and had problems with drug and alcohol use. The hearing examiner determined that these factors contributed to his need for psychiatric treatment in 1988.

## DISCUSSION

The standard of review we apply here reflects a change in the worker's compensation laws by the 1986 state legislature. 1986 Wyo.Sess.Laws, Special Session, ch. 3. As part of this revision, the legislature created the position of hearing examiner to hear contested worker's compensation cases. W.S. 27–14–602 (1977 & 1989 Cum. Supp.). The effect was to change contested worker's compensation cases from judicial to administrative proceedings. See W.S. 27–12–601 through –618 (repealed 1986).

■ We have said that when this court reviews an agency decision:

"We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence." (citation omitted) *Trout v. Wyoming Oil & Gas Conservation Comm'n*, 721 P.2d 1047, 1050 (Wyo. 1986).

The standard of review articulated in *Lehman v. State ex rel. Wyoming Workers' Comp. Div.*, 752 P.2d 422, 425 (Wyo.1988), does not apply to administrative worker's compensation cases.

W.S. 27–14–102(a)(xi) defines an injury for the purposes of worker's compensation claims as follows:

" 'Injury' means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. 'Injury' does not include:

\* \* \* \* \* \*

"(F) Any injury or condition preexisting at the time of employment with the employer against whom a claim is made."

 This definition includes non-traumatic mental injuries when they result from a situation or condition in employment that is of greater magnitude than the day-to-day stresses and tensions all employees usually experience. *Graves v. Utah Power & Light Co.*, 713 P.2d 187, 190 (Wyo.1986). Such injuries occurring as the result of a physical injury arising out of employment can be compensable. *See* Larson, *Mental and Nervous Injury in Workmen's Compensation*, 23 Vand.L.Rev. 1243, 1249–51 (1970).

 However, the burden is on the claimant, Hohnholt, to establish every essential element of his claim by a preponderance of the evidence. W.S. 27–14–603 lists these elements. It states in pertinent part:

"(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:

"(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

"(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

"(iii) The injury can fairly be traced to the employment as a proximate cause;

"(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

"(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee."

 The evidence presented at the hearing consisted of the testimony of Hohnholt, Dr Leggett, the attending psychiatrist during Hohnholt's first stay at Crest View, the deposition of Dr. Cooperman, the attending psychiatrist during Hohnholt's second stay at Crest View, and miscellaneous exhibits. Dr. Leggett testified that in his opinion the hospitalization for which Hohnholt sought benefits resulted from Hohnholt's problems that existed before the accident at the power plant. Although Dr. Cooperman placed emphasis on Hohnholt's injury and surgery as the reason for his hospitalization, he acknowledged Hohnholt's past problems as a contributing factor. Hohnholt also testified as to the existence of these problems.

Thus, the record contains substantial evidence to support the finding that Hohnholt's need for psychiatric treatment did not arise out of the injury sustained in the course of employment. Hohnholt failed to carry his burden of proof. We will not disturb the hearing examiner's decision.

Affirmed.