789 P.2d 124 (1990)
Tomas BANDA, Appellant (Employee-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector-Defendant).
No. 89-155.
Supreme Court of Wyoming.
March 28, 1990.
Charles D. Phillips of Phillips & Phillips, Evanston, for appellant.
Joseph B. Meyer, Atty. Gen. and Ron Arnold, Senior Asst. Atty. Gen., for appellee.
Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.
URBIGKIT, Justice.
Sufficiency of the evidence to sustain the decision of the Worker's Compensation hearing examiner denying a permanent total disability claim provides the issue for this appeal. We affirm the denial of this successive claim filed to supplement an earlier partial permanent award granted for the same injury.
This court has recently defined the standard to be utilized in judicial review with the present structural change in the Wyoming Worker's Compensation adjudication process provided by creation of the hearing examiner system. It is first the burden of the claimant "to establish every essential element of his claim by a preponderance of the evidence." Hohnholt v. Basin Elec. Power Co-op, 784 P.2d 233, 235 (Wyo. 1989). Then:
"We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the *125 agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence." (citation omitted) Trout v. Wyoming Oil & Gas Conservation Comm'n, 721 P.2d 1047, 1050 (Wyo. 1986).
Id. at 234.
In procedural process, the additional factor here presented differing from Hohnholt is in that case, the administrative agency appeal was certified to this court by the district court without decision pursuant to W.R.A.P. 12.09 and here, the district court considered and denied the appeal. A second appeal is now taken. At this juncture for present worker's compensation review, we consider the record with the same standard, the Hohnholt rule, that was initially applied by the district court. Department of Revenue and Taxation of State of Wyoming v. Casper Legion Baseball Club, Inc., 767 P.2d 608 (Wyo. 1989); Atchison v. Career Service Council of State of Wyoming, 664 P.2d 18, 20 (Wyo.), cert. denied 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983).
With the standard for assessing sufficiency of the evidence contended error established, we are invested with a factual review of the agency record to determine if substantial evidence exists to sustain the decision of the hearing examiner. Hohnholt, 784 P.2d 233; Mountain Fuel Supply Co. v. Public Service Com'n of Wyoming, 662 P.2d 878 (Wyo. 1983).
In 1987, claimant Tomas Banda developed a compensable back injury, sustained during lifting, for which he received a permanent partial disability award of 20% physical impairment providing $12,625.38 in cash payments. About the time those payments were exhausted, Banda filed a March 1988 claim for a permanent total disability benefit to which both the employer and the state fund filed objections. The hearing examiner, who provided a comprehensive opportunity for the presentation of evidence in the contested proceeding, denied the claim and the district court, upon first appeal, affirmed. The 204 page trial transcript was addressed by Banda's eighty-four page brief in district court, and now on appeal, we are presented with another evidentiary recitation and evaluation of sixty-eight pages.
We conclude, in agreement with present appellee, Wyoming Workers' Compensation Division, which replaced the employer in leading the litigation, that sufficient evidence was introduced to sustain the decision of the hearing examiner.[1] Trial evidence revealed post injury recovery and resumed employment. Events thereafter, relative to quitting to take a trip back to Mexico, Wyoming's economic downturn, and general lack of job availability, provided evidence peculiarly within the fact finding function assigned to the hearing examiner and will not be replaced by a decision of this court. Factually, the hearing examiner had evidentiary support for his decision that Banda had not proved a disability factor greater than the 20% that had originally been paid.
There is a logical concept for a comprehensively presented odd lot doctrine incorporated into Banda's argument. Leonard v. McDonalds of Jackson Hole, 746 P.2d 1261, 1263 (Wyo. 1987). It is contended that Banda, with limited education and minimal use of the English language, was confined to employability for heavy labor activities. Consequently, the syllogism continues that not as the direct result of physical condition, but rather employability, *126 the 20% disability was in fact a 100% disability because of Banda's work capabilities and job market availability.[2] At present, we are not willing to extend any odd lot doctrine as a matter of law to the nature of Banda's education and language performance. The degree of disability and employability was appropriately explored in trial testimony and with substantial sustaining evidence, requires this court to affirm the fact finder's decision. Wyoming Worker's Compensation cannot properly serve to solve the conditions of unemployment within our state's repressed economy.
Affirmed.
NOTES
[1] At hearing, the testimony revealed that Banda had rejected medical advice to secure another back operation which may or may not have been realistically related to the 1987 onset of back problems. However, at the date of oral argument, we were advised that the operation had been or would shortly be performed and, at this time, Banda is again on a temporary total disability status during completion of the present medical proceeding. We were advised, however, by counsel for the state fund that the prior contest and decision was not rendered moot since a factor of res judicata may be created if, after completion of present medical care, Banda continues his permanent total disability claim. On that basis of asserted non-mootness, we decide this appeal.
[2] The odd lot or eggshell thesis, Schepanovich v. United States Steel Corp., 669 P.2d 522 (Wyo. 1983), if related to factors as presented here, provides a difficult philosophic concept. We will not pursue that analysis further than to recognize that the forward-minded employee who seeks to broaden employment opportunity should not be doubly disadvantaged if his beneficent efforts are after the occurrence of an injury to result in magnified worker's compensation disability exposure.