Donald F. **JOHNSON**, Appellant (Employee–Claimant),

v.

The **STATE** of **Wyoming**, ex rel. **WYOMING WORKER'S COMPENSATION DIVISION**, Appellee (Objector–Defendant).

No. 90–47.

Supreme Court of Wyoming.

Oct. 1, 1990.

**324**

Michael Schilling (argued), Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., and Larry M. Donovan, Sr. Asst. Atty. Gen. (argued), for appellee.

Before CARDINE, C.J.[*], and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Justice.

Appellant Donald Johnson sought worker's compensation benefits for depression and stress suffered following a truck accident that occurred in the course of employment. Following an administrative hearing, his injuries were deemed compensable. On appeal, the district court reversed the award.

We reverse the district court and remand this action for entry of an order affirming the administrative determination.

Johnson frames the issue as:

"Whether the type of mental injury sustained by employee Donald F. Johnson, that is post-traumatic stress disorder and spontaneous major depression, which arose immediately out of a motor vehicle accident which occurred in the course of employment is compensable under Wyoming Worker's Compensation law where there is no accompanying physical injury."

Johnson had been an over-the-road truck driver for over 29 years. On February 26, 1989, he was in the employ of Yellow Freight System driving a truck under icy road conditions on Interstate 80 near Laramie, Wyoming. As he rounded a curve, the wind hit the truck and spun it around 180 degrees. The truck came close to colliding with another vehicle but missed. The highway patrol stated the road should have been closed at the time the accident occurred. Less than three months earlier, Johnson had been in a similar accident, also on Interstate 80. In that accident, Johnson had bruised his back but did not seek medical treatment.

Johnson suffered no physical injuries as a result of the February accident. However, soon after the accident, he started having nightmares, had trouble sleeping and felt depressed. He saw a psychiatrist for his problems in March 1989. The psychiatrist determined that Johnson was suffering from depression and post-traumatic stress disorder. The psychiatrist was unable to find any other circumstances in Johnson's life such as the condition of his marriage and family life that would cause the stress and depression. He concluded that Johnson's symptoms were a result of the accident. Johnson received treatment and medication until May 16, 1989, when he was released to return to his job.

Johnson filed a claim for benefits in March 1989. The state Worker's Compensation Division objected to Johnson's claim, alleging what had happened to Johnson did not fall under the definition of an injury under W.S. 27–14–102(a). An administrative hearing, pursuant to W.S. 27–14–602, was conducted in August of 1989. The

[*] Chief Justice at time of oral argument.

evidence at the hearing consisted of testimony from Johnson and the deposition of Johnson's psychiatrist. The hearing examiner found that Johnson met his burden of proof in showing a compensable injury suffered in the scope of his employment and that he was entitled to benefits. He was awarded temporary total disability benefits for February 26, 1989 through May 16, 1989.

The State appealed the matter to the district court, pursuant to W.S. 16–3–114 and W.R.A.P. 12. The district court concluded that the award was not supported by the evidence and reversed the administrative determination.

■ When reviewing an administrative worker's compensation determination, we apply the following standard:

> "We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence." *Hohnholt v. Basin Electric Power Co-op,* 784 P.2d 233, 234 (Wyo. 1989) (quoting *Trout v. Wyoming Oil & Gas Conservation Comm'n,* 721 P.2d 1047, 1050 (Wyo.1986)).

Furthermore, we accord no special deference to the district court's determination and review the matter as though the appeal came directly to this court. *Wyoming Ins. Dept. v. Avemco Ins. Co.,* 726 P.2d 507 (Wyo.1986).

■ "Injury" as defined in W.S. 27–14–102(a)(xi) includes mental or psychic injuries. *Hohnholt,* 784 P.2d at 235; *Baker v. Wendy's of Montana, Inc.,* 687 P.2d 885 (Wyo.1984); *Consolidated Freightways v. Drake,* 678 P.2d 874 (Wyo.1984). Compensable psychic injuries fall into one of three categories:

> "(1) a mental stimulus which causes a physical injury;

> "(2) a physical trauma which causes a nervous injury; and

> "(3) a mental stimulus which causes a nervous injury." *Baker,* 687 P.2d at 891. *See* 1B A. Larson, *Law of Workmen's Compensation* § 42.20 (1987).

For category (3) injuries compensation is allowable only when the injury results from a situation or condition arising out of or in the course of employment that is of greater magnitude than the day-to-day stresses and tensions all employees usually experience. *Hohnholt, supra; Baker, supra; Graves v. Utah Power & Light Co.,* 713 P.2d 187 (Wyo.1986). To show that the injury arises out of or in the course of employment, the claimant must show a causal connection between the injury and the employment. This causal connection exists when there is a nexus between the injury and some condition, activity, environment or requirement of the employment. *Baker, supra.* The claimant has the burden to establish these and other essential elements of the claim by a preponderance of the evidence. W.S. 27–14–603; *Hohnholt, supra.*

In *Hohnholt* and *Graves,* this court affirmed the denial of claims for mental injuries because the claimants failed to meet their evidentiary burdens needed to prove a compensable injury. In *Graves,* the claimant failed to establish unusual workplace stress as a cause for her injuries. 713 P.2d at 194. In *Hohnholt,* the evidence established the claimant had a history of mental problems, and, thus, the claimant's mental injuries did not arise out of the course employment. 784 P.2d at 235. In *Baker,* however, we held that emotional distress caused by sexual harassment from the claimant's work supervisor was compensable because it arose out of the course of employment and resulted from unusual workplace stress, i.e., the supervisor's harassment. 687 P.2d at 891.

■ The record in this case contains none of the evidentiary deficiencies found in *Hohnholt* or *Graves.* The record indicates that Johnson demonstrated he suffered a compensable injury. Johnson's psychiatrist testified that Johnson's depres-

sion and stress resulted from the accident. He ruled out any other cause. This evidence is undisputed in the record. The causal connection requirement is satisfied since the accident from which the injury resulted occurred while the workman was driving a Yellow Freight truck which was an activity and requirement of his employment. The accident also satisfies the requirement that the mental injury resulted from a situation or condition that is of greater magnitude than the day-to-day stresses and tensions all employees usually experience. While it may be normal for and expected of over-the-road truck drivers to encounter hazardous, wintery driving conditions on Wyoming highways, involvement in an accident when driving in those conditions or any weather conditions falls beyond any day-to-day stress and tensions. It was the accident and not the driving in hazardous conditions that caused Johnson's injuries. Johnson is entitled to worker's compensation benefits as determined at the administrative hearing.

The order of the district court is reversed. This case is remanded to the district court for an order affirming the administrative determination.