**Ronald S. TYSVER, Appellant
(Petitioner, Employee–
Claimant),**

v.

**STATE OF WYOMING, EX REL., WYO-
MING WORKERS' COMPENSATION
DIVISION, Appellee (Respondent, Ob-
jector–Defendant).**

**No. 94–258.**

Supreme Court of Wyoming.

May 30, 1995.

---

Donald L. Painter, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Gerald W. Laska, Sr. Asst. Atty. Gen., Cheyenne, and Drew A. Perkins, Sp. Asst. Atty. Gen., Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

We review an order of the district court affirming a hearing examiner's denial of a worker's compensation claim for benefits. We affirm.

## I. ISSUES

Appellant, Ronald S. Tysver (Tysver), states this issue:

> 1. Whether Appellant's chelation treatments are "experimental" as that phrase appears in § 27–14–102(a)(xii) W.S.1977.

Appellee, Wyoming Workers' Compensation Division (Division), provides this summary of the issues:

> 1. Whether substantial evidence exists to support the hearing examiner's denial of employee-claimant's claim for workers' compensation benefits?
>
> 2. Is the hearing examiner's decision in accordance with law? .

## II. FACTS

On August 23, 1989, while employed for Petro Engineering and Construction, Inc., Tysver was exposed to certain chemical toxins which may have included toluene, benzene, tylene and methyl-ethyl lead. Some medical expenses were paid in connection with that exposure; however, by order entered on February 2, 1993, Tysver's claims for temporary total disability were denied. The hearing examiner found that Tysver had

no continuing disability and that the 1989 exposure to chemical toxins did not play a significant role in his symptomology. The hearing examiner also found that Tysver's symptoms, which included dementia, depression, general frustration, weight loss, and loss of cognitive abilities including loss of comprehension, memory and concentration, were unrelated to the alleged industrial accident and, for the most part, were symptoms present in Tysver's personal composition before exposure to chemical toxins. Another result of that hearing was that the Division stipulated Tysver could change physicians and that it would not object to charges submitted by a new physician on the basis of lack of referral or lack of request for a change of doctor. The stipulation also provided that the Division "retains the right to object to the reasonableness or necessity of any services rendered by that medical practitioner."

Tysver filed a petition in the district court seeking review of the Order Denying Benefits of February 2, 1993. The petition was dismissed for failure to comply with the Wyoming Rules of Appellate Procedure. The order of the district court dismissing the petition for review was not further appealed.

The physician to whom Tysver was referred performed a series of chelation treatments with the goal of removing suspected (but otherwise undetectable) chemical toxins from his body tissues and, hence, reducing the severity of the symptoms described above. The physician testified that the treatments did have a positive effect on Tysver's overall condition and that the treatments were *not* experimental. Tysver sought payment for the chelation treatments and a hearing was held to determine if they were compensable. The hearing examiner adopted by reference the findings contained in the Order Denying Benefits of February 2,

1993, determined that the treatments *were* experimental and, thus, not compensable under the terms of Wyo.Stat. § 27–14–102(a)(xii) (Cum.Supp.1994).[1] In addition, based upon the Order Denying Benefits of February 2, 1993, the hearing examiner determined that the chelation treatments were not treatments for a condition resulting from an injury arising out of Tysver's employment. Tysver filed a petition for review in the district court and the district court affirmed the hearing examiner's determination.

## III. DISCUSSION

We hold that the question of whether the "injuries" complained of by Tysver arose out of his employment was fully adjudicated by the Order Denying Benefits of February 2, 1993 and is res judicata. *Matter of Swasso,* 751 P.2d 887, 890–91 (Wyo.1988). The circumstances of this case, including the stipulation that Tysver could be referred to a new physician, did not evoke application of our precedents regarding "mistake." *See Matter of Warehime,* 806 P.2d 292, 295–96 (Wyo. 1991). Because we hold the question of whether Tysver's injuries arose out of his employment is res judicata, we will not address the issue of whether the chelation treatments were "experimental."[2]

## IV. CONCLUSION

The order of the district court affirming the hearing examiner's determination denying Tysver's claim for worker's compensation benefits is affirmed in all respects.

---

1. That section of the Wyoming Worker's Compensation Act has been amended several times since the date of injury, but not as to the wording pertinent to this appeal, i.e.: " 'Medical and hospital care' does not include any * * * experimental medical or surgical procedure * * *." 1986 Wyo.Sess.Laws ch. 3, § 3 (Special Session, June 23, 1986).

2. We do note that the only relevant and competent evidence in the record on the question of whether the treatments were experimental was a physician's testimony that they were not experimental.