No. 85-495

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE APPEAL OF:

GERALD LEE HORTON FROM A
REVOCATION OF HIS DRIVER'S
LICENSE,

          Appellant,

   -vs-

STATE OF MONTANA,

          Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morin & Collins; Robert P. Morin argued, Billings,
        Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Barbara Claassen argued, Asst. Atty. General, Helena
        Harold F. Hanser, County Attorney, Billings, Montana
        David W. Hoefer, Deputy County Attorney, Billings

_____

Submitted: March 14, 1986

Decided: April 30, 1986

Filed: APR 30 1986

_____
                        Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Department of Justice, Motor Vehicle Division (division) revoked for one year the driver's license of Gerald Lee Horton (petitioner). On appeal, the Yellowstone County District Court affirmed the one year revocation. Petitioner now appeals to this Court contending the suspension should have been for six months. We affirm.

The issues are:

1. Does § 61-5-208(2), MCA, require a one year license revocation when an individual incurs a blood alcohol concentration (BAC) violation within five years of a driving under the influence (DUI) violation?

2. Is § 61-5-208(2), MCA, void for vagueness?

In August 1983, petitioner was convicted of DUI in violation of § 61-8-401, MCA. In November 1984, petitioner was convicted of a BAC violation under § 61-8-406, MCA. Under § 61-5-208(2), a second offense within five years of the first offense requires the division to revoke a license for a period of one year. The division concluded that the DUI conviction was the first offense and the BAC conviction was a second offense, and therefore revoked petitioner's license for one year.

I

Does § 61-5-208(2), MCA, require a one year revocation when an individual incurs a BAC violation within five years of a DUI violation?

Section 61-8-401(1), lists four separate and distinct ways in which a person may be found DUI:

> 61-8-401. Persons under the influence of alcohol or drugs. (1) It is unlawful and punishable as provided in 61-8-714 for any person who is under the influence of:

2

(a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;

(b) a narcotic drug to drive or be in actual physical control of a vehicle within this state;

(c) any other drug to a degree which renders him incapable of safely driving a vehicle to drive or be in actual physical control of a vehicle within this state; or

(d) alcohol and any drug to a degree that renders him incapable of safely driving a vehicle to drive or be in actual physical control of a vehicle within this state.

Section 61-8-406, describes a BAC violation as follows:

61-8-406. Operation of vehicle by a person with alcohol concentration of 0.10 or more. It is unlawful and punishable as provided in 61-8-722 for any person to drive or be in actual physical control of a vehicle upon the ways of this state open to the public while the alcohol concentration in his blood, breath, or urine is 0.10 or more.

Section 61-5-208(2) refers to offenses under §§ 61-8-401(1) and -406, stating in pertinent part:

[W]hen any person is convicted . . . for the offense of operating or being in actual physical control of a motor vehicle while under the influence of alcohol or a narcotic drug or knowingly or willingly under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle, or a combination thereof, or for the offense of operation of a motor vehicle by a person with alcohol concentration of 0.10 or more, the division shall, upon receiving a report of such conviction . . . . suspend the license or driving privilege of the person for a period of 6 months. Upon receiving a report of a conviction . . . for a second, third, or subsequent offense within 5 years of the first offense, the division shall revoke the license or driving privilege of the person for a period of 1 year (emphasis added to underscore the 1983 amendment).

3

Prior to the 1983 amendment, the division was required to revoke a license for one year upon receiving notice of conviction of a second offense of driving under the influence of alcohol, or a narcotic drug, or any other drug, or alcohol and any other drug. While the offense of driving under the influence of alcohol is not necessarily the same as driving under the influence of a narcotic drug, or other drug, the convictions were treated the same for penalty purposes. In 1983 the statute was amended by adding BAC as a fifth ground for suspension or revocation of a license.

In State ex rel. Palmer v. Hart (1982), 201 Mont. 526, 655 P.2d 965, we pointed out that in construing legislation, the function of this Court is to state the substance of the legislation, and where the language of the statute is plain, unambiguous, and direct, the statute speaks for itself.

Petitioner argues that one BAC plus one DUI is not equal to a second offense. He maintains that it is unreasonable to construe DUI and BAC as synonymous because a DUI conviction is a distinct criminal offense from a BAC conviction. The State points out that we are here concerned with the civil penalty of license revocation and that for license revocation purposes DUI and BAC are synonymous.

We agree with the State's contention. It is true that the criminal statutes defining DUI and BAC are different, and properly so, because the offenses are not identical. Here, however, we are not concerned with the criminal aspect of these statutes but only with the civil penalty of revocation of a driver's license. Section 61-5-208(2) is plain, unambiguous and certain in providing that a BAC conviction following a DUI conviction, whether under the influence of alcohol, narcotic drug, other drug, or combination of alcohol and drugs, results in a license revocation for one year. We

4

do not find any contradiction in those provisions. Operation of a motor vehicle with an alcohol concentration of 0.10 or more is clearly similar in nature to the offense of driving under the influence of alcohol. As pointed out by the District Court, the effectiveness of an enhanced sanction would be lost if petitioner's interpretation were accepted. An offender could avoid the increased sanction merely by pleading guilty to an alternate offense. Clearly, the legislature did not intend that result.

We hold that § 61-5-208(2), MCA, properly requires a one year license revocation when an individual is convicted of a BAC violation within five years of a DUI conviction.

II

Is § 61-5-208(2), MCA, void for vagueness?

As previously discussed, the statute is not ambiguous and certainly is not vague. It clearly lists the type of offenses which may be the basis for a license revocation. We hold that the statute is not void for vagueness.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

L.C. Gulbrandson.

John ... Sheehy

Justices

6