No. 87–5620.   Hoo *v.* UNITED STATES.   C. A. 2d Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

The issue presented by this petition for certiorari is what is the correct test for determining if prosecutorial preindictment delay amounts to a violation of the Due Process Clause of the Fifth Amendment. See *United States* v. *Lovasco*, 431 U. S. 783 (1977). In this case, the petitioner argued that he was prejudiced by the prosecutorial delay in filing the indictment against him, for it was filed 13 days after he turned 21 years of age, and consequently he was ineligible for the protections of the Federal Juvenile Delin-

quency Act, 18 U. S. C. § 5031 *et seq.* The Second Circuit held that there was no due process violation because petitioner "made no showing of an improper prosecutorial motive." 825 F. 2d 667, 671 (1987). Other Circuits have similarly required a showing of prosecutorial misconduct designed to obtain a tactical advantage over the defendant or to advance some other impermissible purpose in order to establish a due process violation. *United States* v. *Ismaili,* 828 F. 2d 153, 166 (CA3 1987); *United States* v. *Lebron-Gonzalez,* 816 F. 2d 823, 831 (CA1), cert. denied, *ante,* pp. 843, 857; *United States* v. *Caporale,* 806 F. 2d 1487, 1514 (CA11 1986), cert. denied, 482 U. S. 917, 483 U. S. 1021 (1987); *United States* v. *Jenkins,* 701 F. 2d 850, 854–855 (CA10 1983). Two Circuits, however, have concluded that intentional misconduct is not the *sine qua non* for a due process violation from prosecutorial preindictment delay, and instead they hold that the proper inquiry is to balance the prejudice to the defendant against the Government's justification for delay. *United States* v. *Valentine,* 783 F. 2d 1413, 1416 (CA9 1986); *United States* v. *Automated Medical Laboratories, Inc.,* 770 F. 2d 399, 403–404 (CA4 1985). Exemplifying the significant disagreement in the lower courts over the proper test, panels in the Fifth and Seventh Circuits have acknowledged conflicts between decisions from their own Circuits on this issue. *Dickerson* v. *Louisiana,* 816 F. 2d 220, 229, n. 16 (CA5), cert. denied, *ante,* p. 956; *United States* v. *Hollins,* 811 F. 2d 384, 387–388 (CA7 1987). The continuing conflict among the Circuits on this important question of constitutional law requires resolution by this Court; I would grant certiorari.