Thomas McGUIRE, Appellant (Petitioner),

v.

STATE of Wyoming, DEPARTMENT OF REVENUE AND TAXATION, Appellee (Respondent).

No. 90–197.

Supreme Court of Wyoming.

April 17, 1991.

Ronald G. Pretty, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Michael L. Hubbard, Senior Asst. Atty. Gen., and Milo M. Vukelich, Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

CARDINE, Justice.

This appeal is from an order of the district court affirming a Department of Revenue and Taxation's (Department) report and decision suspending appellant Thomas McGuire's driver's license for one year, pursuant to W.S. 31–5–233 and 31–7–128, because of a second driving while under the influence (DWUI) conviction.

We affirm.

Appellant presents the following issues:
I. Whether the Department of Revenue and Taxation erred in its interpretation of W.S. 31–7–128 and subsequently:
A. Erred in imposing a second DWUI penalty rather than a first offense DWUI penalty;
B. Erred in treating the second DWUI conviction as a second offense when the district court treated it as a first offense; and

C. Abused its power of discretion and therefore acted unconstitutionally.

II. W.S. 31–7–128 is unconstitutional.

## FACTS

Appellant Thomas McGuire was arrested for DWUI on June 7, 1983, in violation of W.S. 31–5–233. At that time, *Gooden v. State,* 711 P.2d 405 (Wyo.1985), was pending before the Wyoming Supreme Court presenting the question whether Wyoming's DWUI statute was constitutional. Appellant, on September 11, 1983, joined other cases then before the court to challenge the constitutionality of W.S. 31–5–233. In the *Gooden* case, the Wyoming Supreme Court held the statute constitutional. Appellant's case came to trial on December 19, 1984. He appeared pro se and pled guilty to the DWUI charge.

Appellant was convicted again for DWUI on September 11, 1989. Upon receipt of appellant's driver record, the Department, pursuant to W.S. 31–5–233 and 31–7–128, notified appellant that his driver's license would be suspended for one year.

Appellant requested an administrative hearing to challenge the length of driver's license suspension. At the hearing he asserted that the length of time between his first arrest (June 7, 1983) and second arrest (July 11, 1989) exceeded the five-year period prescribed in W.S. 31–7–128. He contended that the Department must use either the date of offense or the date of conviction, not both, to determine when the five-year period would begin which would enhance the subsequent DWUI conviction. Appellant argued that the date of arrest for his first DWUI conviction should have been the controlling date.

The Department, upon review of the hearing record and its interpretation of W.S. 31–7–128, determined that the offense and conviction of the second DWUI occurred within five years of the first DWUI conviction. Appellant's driver's license was suspended for one year—a first offense DWUI penalty would have resulted in a 90–day suspension.

## DISCUSSION

Central to this appeal is the Department's interpretation of W.S. 31–7–128 (June 1989 pamphlet), which states in pertinent part:

"(b) Upon receiving a record of a driver's *conviction* under W.S. 31–5–233 or other law prohibiting driving while under the influence, *the division shall suspend the license* * * * for:

"(i) Ninety (90) days for the first *conviction;*

"(ii) One (1) year, if the person has been previously *convicted* once under W.S. 31–5–233 or other law prohibiting driving while under the influence within the five (5) year period preceding:

"(A) The date of the offense upon which the conviction is based; or

"(B) The date of the conviction at issue." (emphasis added)

The standard of judicial review for administrative actions is governed by W.R. A.P. 12.09 and W.S. 16–3–114(c). Wyoming Statute 16–3–114(c)(ii) states the court shall set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

We have said that when the court reviews an agency decision:

"We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might

accept in support of the conclusions of the agency. It is more than a scintilla of evidence." (citation omitted) *Trout v. Wyoming Oil and Gas Conservation Comm'n,* 721 P.2d 1047, 1050 (Wyo. 1986). *See also Hohnholt v. Basin Electric Power Co-op,* 784 P.2d 233, 234 (Wyo.1989).

We review the decision of an administrative agency as if we were a reviewing court of the first instance; petitioners have the burden of proving that the agency's actions are arbitrary, capricious or an abuse of discretion; the reviewing court must examine whether the decision made by an administrative agency has been reached on relevant factors and was rational; agency decisions are to be reversed only for errors of law; and courts will not substitute their judgment for that of an administrative agency. *Vandehei Developers v. Public Service Comm'n,* 790 P.2d 1282, 1284 (Wyo.1990).

To determine whether the Department erred in treating appellant's September 11, 1989 conviction as a second DWUI offense requires us to review the Department's interpretation of W.S. 31–7–128. The court always begins the search by focusing on the language of the legislative enactment, giving to that language its plain and ordinary meaning. *Schultz v. State,* 751 P.2d 367, 370 (Wyo.1988). A statute is viewed in terms of its objective and purpose. *Hurst v. State,* 698 P.2d 1130, 1133 (Wyo.1985).

The statutory language of W.S. 31–7–128 is plain and unambiguous. The *mandate* of this statute is that the Department must suspend a driver's license for 90 days upon a *conviction* of DWUI. If within five years from the date of the DWUI conviction the driver is convicted of another DWUI charge, the *mandate* of the statute is that the Department must suspend the driver's license for one year. The Department may use either the date of occurrence of the second offense that results in conviction or the date of conviction of the second offense when determining whether it is within the five-year period requiring a one-year suspension under W.S. 31–7–128(b).

The Department's action of suspension in this case was not arbitrary, capricious or an abuse of discretion. Wyoming Statute 31–7–128 does not allow for an exercise of discretion. Agency action is mandated. Appellant was convicted of DWUI on December 19, 1984. He was convicted again for DWUI on September 11, 1989. This is more than substantial evidence; it is unrefuted evidence of a second conviction within the specified five-year period. The court must accept an agency's finding of fact when supported by substantial evidence. *City of Cheyenne Policemen Pension Bd. v. Perreault,* 727 P.2d 702, 704 (Wyo.1986).

Appellant also contends that the suspension of a driver's license is penal in nature and the Department's action in treating it as civil in nature is an abuse of discretion and, therefore, unconstitutional. No cogent authority is presented to support this argument; therefore, it would not ordinarily be considered by this court. *E.C. Cates Agency, Inc. v. Barbe,* 764 P.2d 274, 276 (Wyo.1988). Nevertheless, we note again that driver's license suspensions are civil proceedings that are separate and distinct from criminal DWUI prosecutions. *Drake v. State ex rel. Dept. of Rev. and Tax.,* 751 P.2d 1319, 1322 (Wyo.1988).

Appellant's argument that the hearing officer erred in interpreting W.S. 31–7–128 as lengthening the period of suspension instead of shortening it is unfounded. The argument as stated by appellant is less than clear. It may mean that suspension was for a year rather than 90 days—or it may mean something else. Wyoming Statute 31–7–128 has no provision allowing lengthening or shortening the period of suspension, and there is no evidence that the hearing officer "lengthened" the suspension. We cannot accept the argument that it was legislative intent to shorten periods of suspension for DWUI. If anything, the opposite is true. We are aware that the legislature, responding to the public outcry against drunk drivers, has significantly increased the penalties for drunk driving convictions. *City of Casper v.*

*Cheatham,* 739 P.2d 1222, 1224 (Wyo.1987). The purpose of mandatory suspension of a driver's license for a prescribed period of time is to put those who choose to violate Wyoming's DWUI laws on notice of the penalties awaiting. These laws have been created to protect the public, not the privilege of those who choose to drive drunk. Wyoming Statute 31-7-128 is written to allow the Department to use either the date of the offense of the second DWUI conviction or the date of conviction of that offense to determine if a one-year suspension is required. This insures that any delay of trial will not forfeit the suspension mandate if the offense date falls within the statutory time frame and the date of conviction does not. The legislature is obviously aware of the problems the drunk driver creates, and it has responded with what can only be described as unmistakable clarity. It has given the matter serious attention and has exerted unrelenting pressure on drunken drivers. *Nowack v. State,* 774 P.2d 561, 567 (Wyo.1989).

■ Appellant argues a violation of his constitutional right to contest a DWUI charge occurs if the Department can use either the date of occurrence or date of conviction of a second DWUI to determine if the second DWUI occurred within five years of a previous DWUI. Appellant had the opportunity to challenge both of his arrests for DWUI. He pled guilty to both of them. Neither of the convictions were appealed, only the length of the driver's license suspension. Nowhere in the record is a showing made that appellant was not allowed to contest either of the two DWUI charges in question. For this court to rule against the Department would have us ignore the express language of W.S. 31-7-128; this we will not, we cannot do.

We find no error committed by the Department or the district court and no constitutional violation of appellant's rights.

Affirmed.

URBIGKIT, C.J., and MACY, J., each filed separate dissenting opinions.

URBIGKIT, Chief Justice, dissenting.

I dissent for two reasons—an erroneous time computation under the applicable statute is accepted and an improper standard of review for an administrative agency is applied.

Appellant was first arrested on June 7, 1983. At the time of the arrest, the law regarding W.S. 31-5-233 was unsettled and all driving-while-under-the-influence cases in Sweetwater County, with the consent of the county attorney, were handled as one appeal to the district court. More than a year after the initial charge, appellant's case was dismissed for lack of prosecution to then be refiled on the same day and set for trial for December 19, 1984. The State now seeks an advantage occasioned by the consolidated appeal and the prosecutor's delay in prosecuting. Had appellant not appealed, he would not now have his license suspended for a year because his second conviction would have clearly come at a time more than five years later than any initiating date no matter how the statute may have been construed.

In first consideration, I would discern that affirming this decision potentially chills the defendant's right to appeal. *Simonds v. State,* 799 P.2d 1210, 1218 (Wyo. 1990), Macy, J. specially concurring; *Cooter & Gell v. Hartmarx Corp.,* — U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Wasman v. United States,* 468 U.S. 559, 564, 104 S.Ct. 3217, 3221, 82 L.Ed.2d 424 (1984). Due process under the Wyoming Constitution should prevent the loss of life, liberty, or property that is merely occasioned by a defendant's exercise of appellate rights or by a prosecutor's delay, although the record in this case certainly does not reveal any ill motives for this delay. *See Hoo v. United States,* 484 U.S. 1035, 108 S.Ct. 742, 98 L.Ed.2d 777 (1988), White, J., dissenting, prosecutorial pre-indictment delay amounts to a violation of the Due Process Clause of the Fifth Amendment; *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, *reh'g denied* 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977), due process clause has limited role to play in protecting against

oppressive delay; and *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the due process clause may provide a basis for dismissing an indictment if the defense can show at trial that prosecutorial delay in bringing the accusation has prejudiced the right to a fair trial.

It is concluded that the State and this majority misconstrue the statute in determining passage of a defined period of time. My analysis would lead to a construction in accord with the terminology provided which is reliable, determinable and not subject to a capricious result from an applied construction. Furthermore, the permission now provided for the department to construe the statutory language in one of two or maybe more ways allows a potential for arbitrary action by the department which is unnecessary and improvident.

We start in application of the statute which, in its clear terms, defines the *second event*, which is the initial period for computation, to be either a) crime commission, or b) crime conviction.

> (b) Upon receiving a record of a driver's conviction under W.S. 31–5–233 or other law prohibiting driving while under

the influence, the division shall suspend the license * * * for:

> (i) Ninety (90) days for the first conviction;

> (ii) One (1) year, if the person has been previously convicted once under W.S. 31–5–233 or other law prohibiting driving while under the influence within the five (5) year period *preceding:*

> (A) The *date of the offense* upon which the conviction is based; or

> (B) The *date of the conviction* at issue.

W.S. 31–7–128 (June 1989) (emphasis added). Recognizing that the five year period precedes the alternative later dates, this statutory system could be more adequately conceptualized if we were to substitute "tomorrow" for "A" and the "day after tomorrow" for "B". Then rephrased, we would know that an event within the period five years from tomorrow or the day after tomorrow would justify and require the augmented penalty assessment.[1]

Having then started with the initiating date, we are required to determine whether the event necessary for penal offense enhancement has occurred within or after the period of five years.[2] The decisional factor

---

**1.** The derivation of the statute has an interesting history, but provides no persuasive construction authority. In Wyo.Sess. Laws ch. 52 (1982), statutory provision W.S. 31–7–127 provided for a three month suspension for first conviction, one year for the second conviction and revocation for the third conviction with a right of restoration after five years following revocation. A further provision was upon a second or third conviction within any two year period, the registration of the vehicle being driven would be suspended for the period of the revocation. Wyo.Sess. Laws ch. 41 (1984), statutory provision W.S. 31–7–127 then provided "[f]or a subsequent conviction occurring within a five (5) year period from the date of a prior conviction * * *" and then provided for three or more convictions "within a five (5) year period preceding the date of the most recent offense * * *."

The alternative language presently existent was then applied to both subparagraphs (A) and (B) of W.S. 31–7–127(a)(ii) by Wyo.Sess. Laws ch. 234 (1985). The Digest of House Journal of the Forty–Eighth State Legislature of Wyoming 391 (1985) reveals that the change was accomplished by the addition of the word "or" in the previous clause and the addition of the second clause, "(B) [t]he date of the conviction at issue"

by a third reading amendment in the Senate as a floor amendment. Judging from the comprehensive number of changes included in the one amendment and the author who was the Chairman of the Senate Judiciary Committee, it is likely that the impetus for the change was provided by the governmental agency or the attorney general's office. As the amendment was added to the prior clause "[t]he date of the offense upon which the conviction is based", it cannot make any sense unless it was intended to anticipate the alternative of the later since the offense inevitably had to come first. The significant fact is that the referenced language to the first offense was not changed in the amendatory process. The additional clause was added four times: twice in W.S. 31–7–127 (mandatory revocation) and twice in W.S. 31–7–128 (mandatory suspension).

**2.** Obviously, the defined alternative dates for computation triggered by the second offense does not make a whole lot of sense since we assume conviction cannot come before commission and we want an earlier date to have more opportunity to place the initial event within five years. I can, however, find within the poor draftsmanship of the statute some justification

here, as it would be in any case, is what event must have occurred within that previous five years for penal offense enhancement—crime commission or crime conviction. We make the determination as a matter of law by statutory interpretation starting with the initiating date and then analyzing whether commission or conviction is the event which earlier occurred that did or did not precede the second offense trigger date by five years.

I do not find any administrative review standards involved and certainly not any questions of arbitrary or capricious action. The statute either is or is not misapplied as a matter of law and the action taken by the department is consequently valid or invalid. The review by this court is plenary. *Nielsen v. State ex rel. Wyoming Workers' Compensation Div.*, 806 P.2d 297 (Wyo. 1991); *Union Pacific R. Co. v. Wyoming State Bd. of Equalization*, 802 P.2d 856 (Wyo.1990). For a plenary appellate review status without deference, see the discussion of Justice Blackmun in *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Reading the statute as written, the defined event for the previous offense to be computed is the date of the offense and not some future time when the conviction occurs, as would be in this case, about one and half years later.

A careful examination of the text of the statute reveals that in W.S. 31–7–128(b)(ii) (June 1989) for the prior offense the word *convicted* in the second line defines status and does not establish a date. The provision does not provide a *date* of conviction, a noun, but rather a past tense verb, *convicted*, with the subject thereof being a statutory offense defined by W.S. 31–5–233. Consequently the offense "under W.S. 31–5–233" establishes the event which is driving-while-under-the-influence. The verb relates to the status of the event and does not define its date. This section would more simplistically be understood in accord with the terms used if the sentence was restructured to relate to an offense under the cited statute for which the defendant was convicted. Otherwise, to interpret the provision as this majority would do and as the department earlier attempted, we restructure to add a different subject; namely, date of conviction, as the terminology of the interpretation.

By reading the statutory text to find that the initial event was the offense "for which he was convicted" and not the date he was convicted, I would find that the department as a matter of law was in error and this majority continues the same error as amplified by application of the wrong standard of review and acceptance of that erroneous statutory interpretation.

I would reverse.

MACY, Justice, dissenting.

I dissent. The statute is ambiguous and should not allow the Department of Revenue and Taxation to jockey dates around to enhance or not enhance a subsequent DWUI conviction. I agree that driver's license suspension proceedings are separate and distinct from DWUI prosecutions. I am convinced, however, that the suspension of a driver's license for a period of one year is penal in nature.

---

for the (A) and (B) clauses of W.S. 31–7–128(b)(ii) (June 1989). It would appear that the legislature wanted to make sure the *defendant* could not manipulate the period following second arrest by a trial continuance or post-conviction appeal which could extend the intervening time. Consequently, the department had their choice of conviction or commission for the computation starting point. Undoubtedly, in 99 times out of a 100, it would not make any difference which initial date might be used. In practical effect, I find the statutory system contemplates a computation parameter of offense to offense.