No. 92-019

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JACK E. DEWART,

       Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA, acting
through the DEPARTMENT OF JUSTICE,

       Defendant and Respondent.

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       John Bobinski, Attorney at Law, Helena, Montana

       For Respondent:

       Hon. Marc Racicot, Attorney General, Peter Funk,
Assistant Attorney General, Helena, Montana
Mike McGrath, County Attorney, Helena, Montana

FILED

AUG 13 1992

Filed:

Clerk

Submitted on Briefs:  July 2, 1992

Decided:  August 13, 1992

Justice Karla M. Gray delivered the Opinion of the Court.

Jack E. DeWart appeals from an Order of the First Judicial District Court, Lewis and Clark County, dismissing his complaint for declaratory and injunctive relief. We affirm.

The issue on appeal is whether the District Court erred in concluding that § 61-5-208(2), MCA (1989), requires a one year driver's license revocation when an individual is convicted of a blood alcohol concentration (BAC) violation within five years of a driving under the influence of alcohol (DUI) conviction.

Appellant Jack DeWart (DeWart) was convicted of the offense of DUI pursuant to § 61-8-401, MCA, on August 13, 1986. He was convicted of a BAC violation under § 61-8-406, MCA, on March 6, 1991.

Following its standard practice, the Motor Vehicle Division of the Montana Department of Justice (Department) would have revoked DeWart's driver's license for one year under § 61-5-208(2), MCA, upon receiving notice of the March 6, 1991, BAC conviction. Before the Department could act, DeWart initiated a declaratory judgment action seeking to have the Department's interpretation of § 61-5-208, MCA, declared erroneous as a matter of law and to permanently enjoin the Department from revoking his driver's license. He obtained a temporary restraining order preventing revocation by the Department. The Department agreed that the temporary restraining order would remain in effect until the court decided the issue on the merits.

The District Court dismissed appellant's declaratory action in

2

an order dated October 29, 1991, and DeWart appealed. The parties agreed, and the District Court ordered, that the Department be restrained from revoking DeWart's driver's license pending resolution of this appeal.

Did the District Court err in concluding that § 61-5-208(2), MCA (1989), requires a one year driver's license revocation when an individual is convicted of a BAC violation within five years of a DUI conviction?

The District Court relied on this Court's interpretation of § 61-5-208(2), MCA, in Horton v. State (1986), 221 Mont. 233, 717 P.2d 1108, in determining that a BAC violation within five years of a DUI violation mandates a one year driver's license revocation. It rejected appellant's argument, reasserted on appeal, that amendments to § 61-8-714, MCA, by the 1989 Montana legislature prohibit the use of DeWart's 1991 BAC conviction as a second conviction under § 61-5-208(2), MCA (1989).

Section 61-5-208(2), MCA, a civil penalty statute, has long provided for a six month driver's license suspension upon either a DUI or a BAC conviction and a one year revocation upon a second conviction within five years. The appellant in Horton argued, as does appellant here, that a BAC conviction within five years of a DUI conviction does not equal a second offense resulting in a one year license revocation under § 61-5-208(2), MCA (1985). We rejected that argument, stating that the statute "is plain, unambiguous and certain in providing that a BAC conviction following a DUI conviction . . . results in a license revocation

3

for one year." Horton, 221 Mont. at 236.

DeWart argues that Chapter 476, Laws 1989, introduced as House Bill 425, which made no change in the statutory language at issue, so altered related criminal penalty provisions as to necessitate an interpretation of § 61-5-208, MCA, different from that made by this Court in Horton in 1986. The 1989 amendments to § 61-8-714, MCA, the criminal penalty statute for DUI violations, added a new subsection (6) providing that "[f]or the purpose of calculating subsequent convictions under this section, a conviction for a violation of 61-8-406 [BAC violation] also constitutes a conviction for a violation of 61-8-401 [DUI violation]." DeWart asserts that this amendment, together with the absence of a corresponding amendment to the criminal penalty statute for BAC convictions and sketchy language from the legislative history, mandates a new interpretation of the civil penalty statute related to, but separate from, the criminal penalty statutes for DUI and BAC violations. DeWart's argument misses the mark.

The plain and clear language of § 61-8-714(6), MCA (1989), limits its application to determining DUI penalties provided for in that section. The legislature had a clear opportunity to amend § 61-5-208, MCA, to comport with the interpretation urged by appellant and chose not to do so. Indeed, the legislature has amended § 61-5-208, MCA, on numerous occasions since our decision in Horton and has never amended the language at issue here. Our role is to ascertain and declare what is contained in a statute, "not to insert what has been omitted." Section 1-2-101, MCA.

4

We conclude that the amendments contained in Chapter 476, Laws 1989, do not change or impact the language we interpreted in <u>Horton</u> or our <u>Horton</u> decision.  Therefore, we hold that the District Court did not err in concluding that § 61-5-208(2), MCA (1989), requires a one year license revocation when an individual in convicted of a BAC offense within five years of a DUI offense.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

August 13, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

JOHN BOBINSKI
Attorney at Law
P.O. Box 5117
Helena, MT 59624-5117

HON. MARC RACICOT, Attorney General
Peter Funk, Assistant Attorney General
Justice Bldg.
Helena, MT 59620

(hand delivered)

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy