Thomas Elton WYLIE, Appellant (Petitioner),

v.

WYOMING DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).

No. 98–83.

Supreme Court of Wyoming.

Dec. 21, 1998.

James K. Lubing, Jackson, Wyoming, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Clinton D. Beaver, Senior Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

WYO. STAT. § 31–7–127(a)(ii) provides that the Wyoming Department of Transportation (WYDOT) shall revoke for three years the driver's license of any person upon receipt of a record of conviction of that person under WYO. STAT. § 31–5–233 or "other law prohibiting driving while under the influence" if that person has been previously convicted two or more times under WYO. STAT. § 31–5–233 or other law prohibiting driving while under the influence within the preceding five year period. Appellant Thomas Elton Wylie concedes that he has two previous convictions under WYO. STAT. § 31–5–233 within the preceding five-year period and also that within that period he was recently convicted in Montana of a violation of MONT.CODE. ANN. § 61–8–406 (1995) which proscribes driving while having an alcohol concentration of 0.10 or more. WYDOT revoked Wylie's Wyoming driver's license for three years, after a contested case hearing, because it considered the Montana statute under which Wylie was recently convicted to be a "law prohibiting driving while under the influence" even though that statute does not contain the terminology "driving while under the influence." A companion Montana statute, MONT.CODE. ANN. § 61–8–401 (1995), does contain that terminology.

On Wylie's appeal from the WYDOT driver's license revocation action, we must decide whether MONT.CODE ANN. § 61–8–406, under which Wylie was convicted and which proscribes driving while having an alcohol concentration of 0.10 or more, is a "law prohibiting driving while under the influence" for purposes of WYO. STAT. § 31–7–127(a)(ii). If it is, we will affirm WYDOT's action; if it is not, we will reverse that action. We hold that the pertinent Montana statute fits the requirement of Wyoming law and affirm the order of the district court.

## ISSUES

Wylie presents this issue for our review:

1. May the Wyoming Department of Transportation revoke the driving privileges of a driver licensed to drive by the State of Wyoming, in response to that driver's guilty plea in another state, when the charge plead to is substantially different from Wyoming's counterpart?

WYDOT restates the issue as:

Is Mont.Code Ann. § 61–8–406 (1995) a statute of another state, which prohibits driving while under the influence of intoxicating liquor, alcohol, controlled substances, or drugs?

---

* Retired November 2, 1998.

## FACTS

On April 8, 1995, while driving in the state of Montana, Wylie was stopped and arrested for violating MONT.CODE. ANN. § 61–8–401 (1995) which proscribes motor vehicle operation by a driver who because of drinking alcohol has diminished ability to safely operate the vehicle. In January 1996, he pled guilty to a violation of MONT.CODE ANN. § 61–8–406 (1995) which proscribes motor vehicle operation by a driver having an alcohol concentration of 0.10 or more. Wylie has a Wyoming driver's license and had two other convictions for driving under the influence in the past five years. On July 8, 1996, WYDOT notified Wylie that it would revoke his driving privileges from August 3, 1996 through August 2, 1999. A contested case hearing was held at Wylie's request and, on March 28, 1997, a final order issued upholding the revocation. Wylie appealed to the district court, and it affirmed the order.

## DISCUSSION

The standard of judicial review for administrative actions is governed by WYO. R.APP. P. 12.09 and WYO. STAT. § 16–3–114(c) (1997). WYO. STAT. § 16–3–114(c)(ii) states the court shall set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ We examine the entire record to determine if there is substantial evidence to support an agency's findings. *McGuire v. State, Dept. of Revenue and Taxation*, 809 P.2d 271, 273 (Wyo.1991). If the agency's decision is supported by substantial evidence, we will not substitute our judgment for that of the agency and will uphold the findings on

appeal. *Id.* Substantial evidence is relevant evidence which is more than a scintilla of evidence and which a reasonable mind might accept in support of the conclusions of the agency. *Id.* at 273–74. We review the decision of an administrative agency as if we were a reviewing court of the first instance; a petitioner has the burden of proving that the agency's actions are arbitrary, capricious or an abuse of discretion; the reviewing court must examine whether the decision made by an administrative agency has been reached on relevant factors and was rational; agency decisions are to be reversed only for errors of law; and a court will not substitute its judgment for that of an administrative agency. *Id.* at 274.

■ WYO. STAT. § 31–7–127(a)(ii) (1997) requires WYDOT to revoke a person's driver's license in the following circumstances:

(ii) A conviction under W.S. 31–5–233 or other law prohibiting driving while under the influence, if the person has been previously convicted two (2) or more times under W.S. 31–5–233 or other law prohibiting driving while under the influence within the five (5) year period preceding;

The statutory phrase "other law prohibiting driving while under the influence" is defined as meaning "a statute of another state ... which prohibits driving while under the influence of intoxicating liquor, alcohol, controlled substances or drugs." WYO. STAT. § 31–7–102(a)(xxxi) (1997). Wylie contends that his recent 1996 conviction under MONT.CODE. ANN. § 61–8–406 (1995) is not a conviction under "other law prohibiting driving while under the influence" and cannot be the basis for revocation of his license. MONT.CODE ANN. § 61–8–406 (1995) states:

**Operation of vehicle by a person with alcohol concentration of 0.10 or more.** It is unlawful and punishable as provided in 61–8–722 and 61–8–723 for any person to drive or be in actual physical control of a vehicle upon the ways of this state open to the public while the person's alcohol concentration, as shown by analysis of the person's blood, breath, or urine, is 0.10 or more. Absolute liability as provided in 45–

2–104 will be imposed for a violation of this section.

Wylie contends that Section 406 does not state that its purpose is to prohibit driving while under the influence and is, therefore, too dissimilar to Wyoming's statutory prohibition of driving under the influence. WYDOT contends that Montana has enacted a comprehensive statutory scheme for the purpose of combating the problem of drunk driving and that an examination of all of the Montana statutes concerning drunk driving demonstrates that the legislature intended to prohibit driving under the influence when it enacted Section 406.

 In interpreting statutes, our primary consideration is to determine the legislature's intent. *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo.1983). All statutes must be construed in pari materia; and in ascertaining the meaning of a given law, all statutes relating to the same subject or have the same general purpose must be considered and construed in harmony. *Id.* at 735. *Holtz* explained our statutory construction rules:

> If the language is sufficiently clear, there is no need to resort to rules of construction. When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent.

*Holtz*, 674 P.2d at 736. We begin reviewing an agency's interpretation of a statute by examining the language and giving to that language its plain and ordinary meaning in light of its objective and purpose. *McGuire*, 809 P.2d at 274.

Mont.Code. Ann. §§ 61–8–401 through 61–8–422 compose that part of the Montana Statutory Code devoted to "Driving Under Influence of Alcohol or Drugs." Concerning this statutory scheme, the Montana Supreme Court has said:

> Montana has a compelling interest to remove drunk drivers from our roadways.

This compelling interest is embodied in both § 61–8–401, MCA (prohibiting driving while under the influence of alcohol or drugs), and § 61–8–406, MCA (making driving with an alcohol concentration of 0.10 or more *per se* illegal), as well as §§ 61–8–714, –722 and –723, MCA (1995) (providing escalating penalties for repeat offenders of §§ 61–8–401 and –406, MCA).

*Hulse v. State, Dept. of Justice*, 961 P.2d 75, 85 (Mont.1998). The companion statute to § 61–8–406 is Mont.Code Ann. § 61–8–401 (1995) which states:

> **Persons under the influence of alcohol or drugs.** (1) It is unlawful and punishable as provided in 61–8–714 and 61–8–723 for any person who is under the influence of:
>
> (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;
>
> \* \* \*
>
> (3) "Under the influence" means that as a result of taking into the body alcohol, drugs, or any combination thereof, a person's ability to safely operate a motor vehicle has been diminished.
>
> (4) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person at the time alleged, as shown by analysis of the person's blood, urine, or breath, shall give rise to the following inferences:
>
> \* \* \*
>
> (c) If there was at that time an alcohol concentration of 0.10 or more, it may be inferred that the person was under the influence of alcohol. The inference is rebuttable.
>
> \* \* \*
>
> (7) Absolute liability as provided in 45–2–104 will be imposed for a violation of this section.

The plain language from sections 401 and 406 informs that they are distinct criminal offenses. *Horton v. State*, 221 Mont. 233, 717 P.2d 1108, 1109 (Mont.1986). The definition of "driving while under the influence" found in Section 401 evidences a legislative intent to allow consideration of the driver's ability to drive and not just his alcohol content. *Montanye v. State*, 262 Mont. 258, 864 P.2d 1234, 1237 (Mont.1993). Section 401 establishes that a person is presumed under the influence of alcohol when his blood alcohol content is 0.10 or greater. In contrast, Section 406 is violated when blood, urine or a breath test establishes an alcohol content of 0.10 or greater without consideration of whether the driver's ability to drive is impaired by the intoxicant. As the district court noted when it affirmed WYDOT's revocation action, Wyoming criminalizes these two distinct acts in one statute. WYO. STAT. § 31–5–233(b) (1997) states:

(b) No person shall drive or have actual physical control of any vehicle within this state if the person:

(i) Has an alcohol concentration of ten one-hundredths of one percent (0.10%) or more; or

(ii) To a degree which renders him incapable of safely driving;

(A) Is under the influence of alcohol;

. . .

The Montana Supreme Court considered the issue of whether a driving under the influence (DUI) conviction under § 61–8–401 and a second conviction for a blood alcohol concentration (BAC) violation under § 61–8–406 within a five year period required revoking driving privileges for one year. *Horton*, 717 P.2d at 1109. Under the civil penalty statute, MONT.CODE. ANN. § 61–5–208(2), the penalty was six months for the first violation of either statute and one year for a subsequent conviction within five years of the first offense. Horton contended that a BAC conviction was not equivalent to a DUI conviction and the dissimilarity of the two statutes made it unreasonable to enhance the civil penalty. *Horton* ruled that, for civil penalty purposes, the operation of a motor vehicle with an alcohol concentration of 0.10 or more is clearly similar in nature to the offense of driving under the influence of alcohol. It held that it was the legislative intent that a one year license revocation was required upon a BAC conviction within a five year period of a DUI conviction. *Horton*, 717 P.2d at 1109–1110.

As shown by decisions by the Montana Supreme Court and the plain language of the statutes, Montana considers a BAC violation to be a driving under the influence of alcohol violation. WYO. STAT. § 31–7–127's mandate to revoke a driver's license when the licensee is convicted of driving under the influence either in this state or in other jurisdictions shows a legislative intent to remove drunk drivers from Wyoming roadways. In addition, Wyoming is a member of the Driver License Compact, as is Montana, and is obligated to consider this Montana conviction as part of a license revocation procedure if the offenses are of a "substantially similar nature." WYO. STAT. § 31–7–201 (1994); MONT. CODE ANN. § 61–5–401 (1995). Given this legislative mandate by Wyoming's statutory scheme, WYDOT had an obligation to determine if the Montana statute's intent was to impose a prohibition against driving under the influence and, if so, apply that conviction towards mandatory license revocation. *See McGuire*, 809 P.2d at 274. We hold WYDOT correctly determined that the recent Montana conviction was to be considered a third conviction within five years and, consequently, a revocation was mandated.

## CONCLUSION

The revocation was not arbitrary, capricious, or an abuse of discretion. Wylie does not dispute the agency's finding that he had three convictions within a five year period, and we hold that the revocation of his driver's license under the statute was proper. We affirm the district court's order upholding the revocation order.