In the Matter of the Workers' Compensation Claim of Tim J. NYQUIST.

OLSTEN TEMPORARY SERVICES, Appellant (Petitioner/Employer)

v.

STATE of Wyoming, ex rel., Wyoming WORKERS' COMPENSATION DIVISION, Appellee (Respondent Objector–Defendant).

No. 93–129.

Supreme Court of Wyoming.

March 14, 1994.

George Santini, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Kenneth E. Spurrier, Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

This appeal arises from an administrative agency decision affirmed by the district court. Olsten Services (Olsten) asserted that it was not afforded notice or an opportunity to be heard before worker compensation benefits were paid to an injured employee. Believing that the error of the Wyoming Workers' Compensation Division (Division) left Olsten only one appropriate remedy, Olsten did not contest the benefit payments and instead sought to avoid charges to its experience rating for benefit payments made to the employee. Olsten contended that Wyo.Stat. § 27–14–603(e) permits nonchargeability in this situation. The Office of Administrative Hearings (OAH) determined that the statute did not authorize its agency to order nonchargeability.

We affirm.

Appellant presents these issues:

I. Should an employer which loses its opportunity to defend claims made against its experience rating due to the mistake of the Wyoming Workers' Compensation Division also be forced to bear the cost of that mistake?

II. Is there a remedy for employers who are denied the right to a hearing due to the mistakes of the Wyoming Workers' Compensation Division?

III. Where an employer has been materially prejudiced in its defense of claims due to its detrimental reliance upon a determination entered by the Division, does estoppel bar the Division from objecting to a stipulated settlement and award of benefits which does not charge the employer's experience rating?

Appellee states the issues as:

A. Whether the hearing officer has authority, pursuant to W.S. § 27–14–603(e), to order the Division to charge benefits to an industrial class as a whole rather than a single employer?

B. Whether the employer waived any claim for relief based upon W.S. § 27–14–603(e)?

C. Whether the hearing officer properly concluded that no statutory basis afforded Appellant relief from an agency error resulting in denial of procedural due process?

D. Whether there is an adequate remedy for employers who allege mistakes by the Division in its rate setting functions?

The OAH's decision was based upon statutory interpretation, and it is that conclusion of law which is considered by this court. The germane issue is:

Whether Wyo.Stat. § 27–14–603(e) (1991) authorizes the Office of Administrative Hearings to order the Worker's Compensation Division not to charge the benefits paid to an injured employee against the employer's experience rating.

Olsten employed Timothy J. Nyquist as a temporary construction worker. While assigned to a project at the Buttrey Food Store in Laramie, Wyoming, Nyquist contended he was injured on September 17, 1991. He reported a lower back injury to the Division on September 20, 1991. Olsten disputed Nyquist's claim on September 23, 1991, the claim was denied by the Division on November 8, 1991, and Olsten received notification of this denial. Four days later, on November 12, 1991, the Division reversed itself and granted benefits to Nyquist after receiving a letter from Nyquist's doctor that the injury was not due to any preexisting condition. It is disputed whether the Division failed to notify Olsten of its reconsideration and subsequent reversal.

Olsten learned in February, 1992, that benefits were being paid to Nyquist. On February 26, 1992, Olsten contacted the Division, objected to the payments, requested its experience rating not be charged and inquired why a hearing had not been granted. The Division notified Olsten on March 30, 1992, that all charges against its experience rating would be nonchargeable until resolution of the matter. Finding Olsten's objection was timely, the Division ordered Olsten's requested hearing.

Before the hearing, Nyquist and Olsten agreed by stipulation and settlement agreement "that Nyquist was injured in a series of compensable injuries, but no single employer

can be determined to be chargeable for the injuries." The settlement agreement also stated: "The parties further stipulate that benefits charges as a result of claims made for the September 17, 1991 injury should be distributed in accordance with the provision of § 27–14–603(e), W.S.1977 (1991 Replacement), within the general industrial classification and not chargeable to Olsten's experience rating." The agreement was not signed by the Division.

The agreement was presented to OAH along with a proposed *Order Approving Stipulation and Settlement Agreement.* In a letter dated June 2, 1992, OAH notified counsel for the Division that the proposed settlement involved application of WYO.STAT. § 27–14–603(e), and entitled the Division to an opportunity to request a hearing on that issue. When no objection or request for a hearing was received by the June 9, 1992 deadline, the order was entered on June 10, 1992. The following day, the Division moved to vacate the order approving the stipulation agreement. This motion was granted on June 15, 1992, and a hearing was set for August 4, 1992.

On August 3, 1992, Nyquist and Olsten entered into another settlement agreement. It stipulated that Nyquist "was injured in a work-related accident at the Buttrey Store * * * while working for Olsten on September 17, 1991 * * * sustained a compensable injury * * * and may receive benefits * * *." The agreement retained the issue of the employer's experience rating and was signed by the Division's attorney.

OAH entered an order approving the stipulation to pay Nyquist's claims and ordered that all proceedings before OAH specifically pertaining to the issue of Nyquist's entitlement to benefits were terminated. OAH retained jurisdiction of the remaining contest between Olsten and the Division and, on August 4, 1992, heard the case for determining the chargeability of the employer's experience rating for compensation paid to the employee. OAH determined there was not any statutory basis that provided for it to order that an employer's experience rating not be assessed for payments to an injured employee. OAH concluded the Division was

entitled to a judgment on the pleadings as a matter of law and granted its motion. The district court affirmed OAH's decision, and this appeal followed.

## Standard of Review

■■■ It is well established that our judicial review of agency decisions is as a reviewing court of the first instance and we accord no deference to the district court's decision. *Mountain Fuel Supply Co. v. Pub. Serv. Comm'n,* 662 P.2d 878, 882 (Wyo.1983). *See also, Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo.1993). It is a question of law whether the statute authorizes OAH to determine nonchargeability against an employer's experience rating. Our review of an agency's conclusion of law is governed by WYO.STAT. § 16–3–114(c) (1990). If the conclusion of law is in accordance with law, it is affirmed; if it is not in accordance with law, it is to be corrected. *Parker,* 845 P.2d at 1042.

## Statutory Interpretation

WYO.STAT. § 27–14–603(e) states:

Notwithstanding W.S. 27–14–201, in those proceedings in which the entitlement of a worker to benefits for successive compensable injuries is established but no single employer can be determined to be chargeable for the injuries, the division shall distribute the benefit charge to employers within the general industrial classification in which the employee was engaged at the time his most recent claim arose.

■■ In construing a statute, we first determine whether the statutory language is clear or ambiguous. *Parker,* 845 P.2d at 1043. We look to its language and, if clear, we give the words their plain and ordinary meaning. *Parker,* 845 P.2d at 1043; and *Keene v. State,* 812 P.2d 147, 150 (Wyo.1991). Statutory language is clear if reasonable persons are able to agree as to its meaning with consistence and predictability. *Parker,* 845 P.2d at 1043.

■■■ Olsten believes this statutory provision applies to these facts because of "material prejudice." When the Division paid bene-

fits without affording it notice and an opportunity to be heard, Olsten asserts the passage of time materially prejudiced its ability to defend against Nyquist's claim. Olsten contends an appropriate remedy is to apply the statutory provision, WYO.STAT. § 27–14–603(e), under these circumstances. It argues that OAH's exclusive jurisdiction to make factual determinations of the validity and amount of compensation payable necessarily authorizes OAH to determine whether or not particular payments made are chargeable against an employer's experience rating or should be charged to employers within the general industrial classification. We disagree. WYO.STAT. § 27–14–602(b) sets forth the types [1] of disputes which may be decided by OAH and does not include a directive to hear disputes between the employer and the Division about charges to experience ratings. As an administrative agency, OAH enjoys only those powers expressly conferred by statute. *Jackson v. State ex rel. Workers' Comp.,* 786 P.2d 874, 878 (Wyo.1990).

WYO.STAT. § 27–14–603(e) is not ambiguous and clearly instructs the Division, not OAH, to charge benefits against the industrial classification in only one specific situation: where the series of injuries which entitles the employee to benefits does not permit determination of which single employer is to be charged. Those are not the facts of this case. Olsten was granted the opportunity for a hearing before OAH to contest any benefits to the employee, but chose to stipulate to the payment of benefits for one injury suffered while an employee of Olsten.

On these facts, there is no basis to fashion relief under WYO.STAT. § 27–14–603(e). Contrary to Olsten's assertion that it is left without a remedy, the Division states there is an adequate remedy for employers who allege Division mistakes caused the employer's experience rating to be improperly charged. Olsten may petition the Division to remove

any charges from its experience rating which arose as a result of the Division's own neglect, mistake or inadvertence pursuant to WYO.STAT. § 27–14–201 (1991). If the Division improperly fails to rectify the errors, Olsten has a judicial remedy under WYO.STAT. § 16–3–114(a) (1990).

Affirmed.

---

1. In 1992, WYO STAT. § 27–14–602 (1991) was amended and directed the new office of administrative hearings to designate hearing examiners and conduct contested cases under Wyoming's Workers' Compensation Act. 1992 WYO SESS LAWS. ch. 30 § 2. WYO STAT. § 27–14–602(b) directs the hearing examiner to determine employer objections to the compensability of the injury or death resulting from injury; the right of the employee to receive compensation; the amount of compensation; or amounts or procedures claimed for medical or hospital care. Further, if a health care provider objects to the amount paid under this act, the employee may request referral to a hearing examiner who shall set the case for hearing at the earliest opportunity.