**In the Matter of the Workers' Compensation Claim of Alice I. OLHEISER, Surviving Spouse of Louis S. Olheiser, Deceased, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).**

No. 94–106.

Supreme Court of Wyoming.

Dec. 7, 1994.

Mark J. White and Jill E. Kucera of White & White, P.C., Riverton, for appellant.

Joseph B. Meyer, Atty. Gen., Gerald W. Laska, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Justice.

Alice I. Olheiser, surviving spouse of Louis S. Olheiser, seeks review of a district court order affirming a hearing officer's denial of worker's compensation death benefits. Earlier, this court answered certified questions arising from this case regarding the interpretation of Wyo.Stat. § 27–14–503(b) (1991).[1] *Olheiser v. State ex rel. Worker's Comp.*, 866 P.2d 768, 770 (Wyo.1994) (*Olheiser I* ). Following our remand, the district court affirmed the hearing officer's order denying appellant's benefits claim because she failed to comply with the statute of limitations as

---

1. Wyo.Stat. § 27–14–503 (1991), formerly Wyo. Stat. § 27–12–503 (1977), was renumbered in 1986 and, substantively, was not changed. In 1994, Wyo.Stat. § 27–14–503 was changed substantively.

provided in WYO.STAT. § 27–14–503(b). She now appeals.

We affirm.

Appellant presents a single issue for our review:

Whether appellant's claim for benefits was timely filed with respect to the applicable statute of limitation, WYO.STAT. § 27–14–503(b) (1991).

Appellee states the issue as:

Is there substantial evidence to support the conclusion that a reasonable person in appellant's position should have known, no later than when a denial of compensation benefits was received, that decedent's injuries may have been related to his employment.

As related in *Olheiser I*, appellant's husband, Louis Olheiser, had worked for Continental Uranium as an underground uranium miner from 1958 to 1968. Mr. Olheiser was diagnosed with lung cancer on September 25, 1987, and without Mrs. Olheiser's knowledge filed a report of injury with the Wyoming Worker's Compensation Division (Division) on November 28, 1987. Mr. Olheiser died on January 26, 1988. Appellant received a written objection from the Division, denying her husband's claims on February 11, 1988, but did not answer.

A few months later appellant read a newspaper article about ionizing radiation and realized that her husband's death might be due to his employment as a uranium miner. She consulted with an attorney and filed a claim for benefits on September 13, 1990. A hearing officer determined that appellant's claim was barred by the statute of limitations, WYO.STAT. § 27–14–503(b), and granted summary judgment in favor of the Division. Appellant filed a petition for review, and the district court certified two questions regarding the statute, which this court answered in *Olheiser I*.

In *Olheiser I*, we concluded the statute required ionizing radiation injury claims to be brought "within a time period certain." *Olheiser I*, 866 P.2d at 773. We defined the statute's term "discovery" as meaning "[a]n injury is discovered when a claimant has knowledge or when a reasonable person, un-der the circumstances, should have knowledge that the decedent's injuries were related to his or her employment. This necessarily implies a duty of due diligence on the part of the claimant in pursuing a claim." *Olheiser I*, 866 P.2d at 773.

Following remand, the district court determined that substantial evidence supported the hearing examiner's findings and the hearing examiner had properly applied WYO.STAT. § 27–14–503(b) to decide appellant's claim was time barred. The grant of summary judgment in favor of the division was affirmed.

■ Appellant asserts the district court erred in upholding the hearing officer's determination that she had not submitted her claim within one year after discovery as required by the statute. Our judicial review is as a reviewing court of the first instance and we accord no deference to the district court's decision. *Matter of Nyquist*, 870 P.2d 360, 362 (Wyo.1994). As a reviewing court, our standard of review is set out by statute:

[T]he reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

\* \* \* \* \* \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

\* \* \* \* \* \*

(E) Unsupported by substantial evidence \* \* \*.

WYO.STAT. § 16–3–114(c) (1990).

■ A reviewing court examines the entire record to determine if there is substantial evidence to support the findings of a hearing officer. *Aanenson v. State ex rel. Worker's Comp. Div.*, 842 P.2d 1077, 1079

(Wyo.1992) (citing *Hohnholt v. Basin Elec. Power Co-Op*, 784 P.2d 233, 234 (Wyo.1989)). If the decision of the hearing officer is supported by substantial evidence, this court defers to that judgment, will not substitute its own judgment and will uphold the findings on appeal. *Id.* Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence. *Id.* If in accordance with the law, an agency's conclusion of law is affirmed, and if not in accordance with the law, it is corrected. *Nyquist*, 870 P.2d at 362.

The relevant portion of the statute states:

(b) The right of compensation for an injury which occurs over a substantial period of time is barred unless a claim for benefits is filed within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious exposure to the condition causing the injury, whichever occurs last, excluding injury caused by ionizing radiation to which the three (3) year limitation does not apply. If death results from ionizing radiation within either of these periods, a claim shall be filed within one (1) year after the date of discovery.

WYO.STAT. § 27–14–503(b) (1991 & Supp. 1994).[2]

■ The hearing officer determined the date of discovery was September 25, 1987, when Mr. Olheiser's cancer was diagnosed. In *Olheiser I*, this court stated:

By its terms the clause "[i]f death results" applies to this case because it is an action for death benefits. Thus, the key to this claim was "discovery" not "diagnosis," which refers only to the employee. Of course, whether a diagnosis was communicated to ... others may be a factor in determining if the claimant knew or a reasonable person would have known of the relationship between the injury and the employment.

*Olheiser*, 866 P.2d at 773.

Appellant argues the date of discovery was not until 1990 when she consulted with her attorney and learned that her husband had

suffered a compensable injury. She contends that an ionizing radiation injury is compensable only when the claimant knows that the injury was related to the employment. Appellant's argument would require this court to hold that only actual knowledge will begin the statute of limitations period. However, that holding would not align with our opinion in *Olheiser I* where we required claimants to diligently pursue a claim if, under the circumstances, a reasonable person would have knowledge that the decedent's injuries were related to his or her employment. *Olheiser*, 866 P.2d at 773.

Appellant had sufficient knowledge to cause her to diligently pursue a claim when she learned of her husband's diagnosis of lung cancer. A reasonable person would have investigated and discovered that her husband's injuries were related to his employment.

■ The hearing examiner's findings regarding the date that the statute of limitations began to run are supported by substantial evidence, and the hearing examiner correctly applied the rule of law regarding "discovery" as interpreted by this court in *Olheiser I* to those facts. The hearing examiner correctly decided that appellant's claim was time barred, and we affirm the denial of benefits.

---

**2.** In 1994, the language of WYO.STAT. § 27–14–503(b) (last sentence) was changed and now requires a claim to be filed within one year *after*

*the date of death.* (Emphasis added). WYO STAT § 27–14–503(b) (Supp.1994).