924 P.2d 88 (1996)
Donald WAGONER, Appellant (Petitioner),
v.
STATE of Wyoming, DEPARTMENT OF ADMINISTRATION AND INFORMATION; and State Personnel Administrator, Appellees (Respondents).
No. 96-34.
Supreme Court of Wyoming.
September 19, 1996.
*89 Rodger McDaniel, Cheyenne, for appellant (petitioner).
William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Lawrence A. Bobbitt, III, Sr. Assistant Attorney General; Lillian Nicholas Sharpe, Assistant Attorney General, for appellees (respondents).
Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR[*] and LEHMAN, JJ.
GOLDEN, Justice.
State employee Donald Wagoner (Wagoner) appeals the district court's decision affirming the State Personnel Administrator's dismissal of his petition for review. Wagoner claims he was constructively dismissed by his employing state agency and requested review of the dismissal by the Personnel Board (Board). Finding the Board did not have jurisdiction over the claimed constructive dismissal, the Personnel Administrator and the district court denied review. We affirm.

ISSUES
Wagoner presents the following statement of the issues presented for review:
a. Where state personnel rules guarantee a hearing to permanent employees who are discharged, can the state avoid giving the employee a hearing by constructively discharging him?
b. Are permanent state employees who are constructively discharged entitled to the same due process rights under state personnel rules as persons who are straight-forwardly discharged?
c. Chapter 12, Section 7(b) of the State Personnel Rules provides:
Within fifteen (15) days of receipt of the petition, the agency shall file a written response with the State Personnel Administrator. The response shall include a brief statement of the cause(s) for dismissal or the reduction in force. Copies of the response shall be sent to the employee. If the agency does not respond, the dismissal or the reduction in force shall be rescinded.
Issue: Does the rule mean what it says?
In the brief of Appellees State of Wyoming Department of Administration and Information (Department) and State Personnel Administrator (Administrator), we find the following statement of the issue:
Does a personnel review board have jurisdiction to determine whether a state agency has constructively discharged an employee?

FACTS
Wagoner was an employee of the custodial services section of the Department of Administration and Information Facilities Management Division of the State of Wyoming until on or about March 21, 1995. Wagoner believed unsafe working conditions resulted in illness and physical injury and discussed these difficulties with his supervisors on several occasions. When his supervisors did not remedy the situation, Wagoner resigned his position on March 21, 1995. On March 24, 1995, Wagoner submitted a written withdrawal of his resignation. On March 29, *90 1995, the head of the Facilities Management Division of the Department of Administration and Information denied Wagoner's request to withdraw his resignation.
Believing he had been constructively discharged from his permanent employment position with the State, on April 10, 1995, Wagoner filed a petition for review with the Administrator. In the petition Wagoner alleged that he had been constructively discharged due to unsafe working conditions and that the constructive discharge violated state personnel rules. Wagoner argued that because he was a permanent employee, the State could only discharge him for cause.
The Department filed a motion to dismiss Wagoner's petition on May 1, 1995, asserting Wagoner had no right to a review of his resignation by the Board. On June 30, 1995, the Administrator dismissed Wagoner's petition for review, finding that Wagoner resigned from service and had no right to a review by the Board. On July 10, 1995, Wagoner filed a motion for reconsideration of the dismissal, which was denied by the Administrator on August 1, 1995.
Wagoner filed a petition for review of the Administrator's decision with the district court on July 24, 1995. The Administrator filed a motion to dismiss on August 2, 1995. After reviewing memoranda and briefs on the issues, the district court affirmed the Administrator's decision on December 29, 1995. Wagoner filed a timely appeal to this Court.

DISCUSSION
"It is well established that our judicial review of agency decisions is as a reviewing court of the first instance and we accord no deference to the district court's decision." In the Matter of Nyquist, 870 P.2d 360, 362 (Wyo.1994) (citing Mountain Fuel Supply Co. v. Public Serv. Comm'n, 662 P.2d 878, 882 (Wyo.1983)). See also Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n, 845 P.2d 1040, 1042 (Wyo.1993). It is a question of law whether the statute authorizes the Board to determine whether an employee has been constructively discharged. Nyquist, 870 P.2d at 362. "Our review of an agency's conclusion of law is governed by WYO. STAT. § 16-3-114(c) (1990). If the conclusion of law is in accordance with law, it is affirmed; if it is not in accordance with law, it is to be corrected." Nyquist, 870 P.2d at 362 (quoting Parker, 845 P.2d at 1042).
The State Personnel Rules (rules) were promulgated by the Personnel Management Division, Department of Administration and Information, in accordance with WYO. STAT. §§ 9-2-1001, -1002, -1019, -1022, and 16-3-101 through -115. Department of Administration and Information, Personnel Management Division Personnel Rules Ch. 1, § 1 (1995). The Department has authority to establish uniform standards of administration and to promote economy and efficiency in government. WYO. STAT. § 9-2-1002(b)(iv)(v) (1995). The director of the Department has authority to adopt reasonable rules and regulations to administer the act (WYO. STAT. §§ 9-2-1001 through -1026.13) pursuant to the Wyoming Administrative Procedure Act. WYO. STAT. § 9-2-1003(c)(iii) (1995). The Personnel Management Division has authority to establish personnel standards governing grievances and terminations and to promulgate reasonable rules concerning discipline, grievances and appeals. WYO. STAT. § 9-2-1022(a)(ix) and (xi)(C) (Cum.Supp.1996). "When rules are adopted pursuant to statutory authority and are properly promulgated, they have the force and effect of law." Fullmer v. Wyoming Employment Sec. Comm'n, 858 P.2d 1122, 1123-24 (Wyo.1993) (citing Drake v. State ex rel. Dept. of Rev. and Taxation, 751 P.2d 1319, 1322 (Wyo.1988)).
The Personnel Management Division is solely responsible for providing official interpretations of the rules when questions arise about their application to specific situations, procedures or policies. Rules, Ch. 1, § 3. In this case, the Administrator determined the rules did not give the Board jurisdiction over Wagoner's petition for review. The Board has jurisdiction over all hearings which involve the dismissal or reduction in force of a permanent employee. Rules, Ch. 12, § 2(f). The rules do not include a directive to hear disputes about constructive discharge. As an administrative agency, the *91 Board enjoys only those powers expressly conferred by statute. Nyquist, 870 P.2d at 363. Neither the rules nor the statutes give the Board the authority to determine whether an employee has been constructively discharged. The Board's review is limited to determining the sufficiency of the evidence to justify a discharge. Mekss v. Wyoming Girls' School, 813 P.2d 185, 193 (Wyo.1991), cert. denied, 502 U.S. 1032, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992); Rules, Ch. 12, § 7(e). The circumstances of this case demonstrate the wisdom of the rule because the Board consists of non-attorneys, acting without the benefit of legal counsel, who are ill-equipped to determine the complex legal issues involved in a constructive discharge claim. See Mekss, 813 P.2d at 193. Not only does the Board lack express authority to determine such a claim, the Board lacks the expertise and standards to guide its analysis.
Wagoner argues that he had to exhaust his administrative remedies before taking his constructive discharge claim to the district court. Wagoner fails to understand the doctrine of exhaustion. "`Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course." Glover v. State, 860 P.2d 1169, 1171 (Wyo.1993) (quoting People v. Fremont Energy Corp., 651 P.2d 802, 810 (Wyo.1982)). Wagoner's claim of constructive discharge is not cognizable by the administrative agency, so the exhaustion doctrine does not apply. Nor has the regulatory scheme placed the issue of constructive discharge within the special competence of the Board. Therefore, the district court is the proper forum for resolution of the issues involved in a constructive discharge.
The rules only provide for a hearing before the Board if an employee is discharged or subjected to a reduction in force. They do not provide an employee the right to a hearing to contest an alleged constructive discharge. However, failure of the rules to provide for such a hearing does not deny Wagoner his right to due process, it merely places the remedy in another forum, the district court. Finally, since Wagoner was not dismissed, Chapter 12, section 7(b) of the rules does not apply to his case.

CONCLUSION
We affirm the decisions by the district court and the Personnel Administrator. The Personnel Board does not have jurisdiction over a petition for review on a constructive discharge claim.
NOTES
[*] Chief Justice effective July 1, 1996.